

B. McKay Mignault, Chief Bankruptcy Judge
United States Bankruptcy Court

Dated: January 19th, 2021

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT HUNTINGTON

| IN RE: | CASE NO. 3:19-bk-30420 |
|---|---|
| JOHN JOSEPH RAINES, II, | CHAPTER 7 |
| Debtor. | JUDGE B. MCKAY MIGNAULT |
| SILHA KIM, | ADVERSARY PROCEEDING NO. 3:19-ap-03008 |
| Plaintiff, | |
| v. | |
| JOHN JOSEPH RAINES, II, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Plaintiff's Motion for Summary Judgment [dckt. 29]. Ms. Kim initiated the above-captioned adversary proceeding on December 5, 2019. After she obtained a Clerk's Entry of Default on February 11, 2020 [dckt. 10], Mr. Raines finally submitted his Answer on February 24, 2020 [dckt. 13]. The Entry of Default was set aside thereafter. Ms. Kim filed her Motion for Summary Judgment (the "Motion") on October 23, 2020. Mr. Raines has not filed a response, despite the deadline passing on Friday, November 13, 2020.

In her Motion, Ms. Kim contends that a debt owed to her by Mr. Raines arising out of a Family Court Order is nondischargeable under 11 U.S.C. §523(a)(15). At issue is whether the evidence provided by both parties entitles Ms. Kim to judgment as a matter of law. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). The Court has jurisdiction pursuant to 28

U.S.C. § 157 and 28 U.S.C. § 1334. After receiving pleadings, briefs, and exhibits, this matter is ripe for adjudication.

## I.

**A.     Factual and Procedural Background**

Mr. Raines and Ms. Kim, once married, divorced prior to the filing of Mr. Raines' bankruptcy. Their divorce decree was entered on March 4, 2009.[1] Several years afterward, Ms. Kim filed a Petition for Contempt apparently based on Mr. Raines' failure to comply with several provisions of the parties' divorce decree.[2] The Family Court of Cabell County, West Virginia, entered an Order on February 21, 2013, granting Ms. Kim a total decretal judgment in the amount of $11,183.18.[3] This judgment is the sum of several obligations owed to Ms. Kim by Mr. Raines.[4] Several years after the decretal judgment was entered, Ms. Kim filed a second Motion for Contempt, as well as a Rule to Show Cause with the Family Court due to Mr. Raines' failure to comply with the 2013 decretal judgment order.[5] Following a hearing, on August 13, 2019, the Family Court found Mr. Raines in contempt of the prior Order and granted Ms. Kim a second decretal judgment of $7,254.12.[6]

Mr. Raines filed his Chapter 7 petition with this Court on September 20, 2019.[7] On December 5, 2019, Ms. Kim filed her complaint alleging nondischargeability of the $7,254.12 debt

---

[1] *See,* Plaintiff's Exhibit #1.
[2] Plaintiff's Exhibit #2.
[3] *See.* Plaintiff's Exhibit #2.
[4] Including $6,492.82 to repay Ms. Kim for a lien on the former marital property that she had to absorb in order to refinance the home; $2,109.01 to pay the balance on the parties' Chase Credit card; $581.35 to pay a debt owed to Ms. Kim's mother; $2,000 for Ms. Kim's attorney fees
[5] Plaintiff's Exhibit #3 at 1.
[6] *See,* Plaintiff's Exhibit #3.
[7] Case No. 3:19-bk-30420 [dckt. 1].

arising out of the second decretal judgment. Mr. Raines was discharged from his Chapter 7 case on December 20, 2019.[8]

**B.      Summary of Arguments**

It is Ms. Kim's contention that, based on section 523(a)(15) of the Bankruptcy Code, the debt owed to her by Mr. Raines arising out of her second decretal judgment is excepted from his discharge.

In his Answer[9], Mr. Raines admits to the entry of the two Orders by the Family Court of Cabell County but denies dischargeability of the debt arising out of them. Mr. Raines argues that Ms. Kim allowed an excessive amount of interest to accumulate on at least one of the debts from the February 21, 2019, Order, and that the debt was incurred as a result of Ms. Kim paying an obligation that "she was under no obligation to pay."

**II.**

**A.      Legal Standards**

*Summary Judgment*

Federal Rule of Civil Procedure 56, made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] The burden is on the nonmoving party to show that there is a genuine issue

---

[8] *Id.* at [dckt. 16].
[9] Case No. 3:19-ap-03008 [dckt. 13]. Note that Mr. Raines did not respond to Ms. Kim's Motion. Therefore, technically, Ms. Kim's Motion is before the Court unopposed.
[10] Fed. R. Civ. P. 56(a); Fed. R. Bank. P. 7056.

of material fact for trial.[11] The nonmoving party must do so by offering "sufficient proof[ ] in the form of admissible evidence" rather than relying solely on the allegations of her complaint.[12]

The Court must "view the evidence in the light most favorable to the [nonmoving] party."[13] "The court . . . cannot weigh the evidence or make credibility determinations."[14] In general, if "an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate."[15]

### *Nondischargeability Under Section 523(a)(15)*

The material principles regarding exceptions to discharge are well settled. First, a presumption exists that all debts are dischargeable unless the party contending otherwise proves nondischargeability.[16] The purpose of this "fresh start" is to protect "honest but unfortunate" debtors.[17] Second, courts are admonished to narrowly construe exceptions to discharge against the creditor and in favor of the debtor.[18] Third, the burden is on the movant to prove the exception to discharge by a preponderance of the evidence.[19]

Section 523(a)(15) of the Bankruptcy Code states:

> A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . . to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of

---

[11] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[12] *Mitchell v. Data General Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993).
[13] *Tolan v. Cotton*, 572 U.S. 650, 657, 134 S. Ct. 1861, 1866, 188 L.Ed.2d 895 (2014) (internal quotation omitted).
[14] *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015).
[15] Fed. R. Civ. P. 56 (advisory committee's note to 1963 amendment).
[16] 11 U.S.C. § 727(b).
[17] *Bosiger v. US Airways, Inc.*, 510 F.3d 442, 448 (4th Cir. 2007).
[18] *Kubota Tractor Corp. v. Strack*, 524 F.3d 493, 497 (4th Cir. 2008) (quoting *Foley & Lardner v. Biondo*, 180 F.3d 126, 130 (4th Cir. 1999)).
[19] *Grogan v. Garner*, 498 U.S. 279, 287–88 (1991); *Kubota*, 524 F.3d at 497.

>record, or a determination made in accordance with State or territorial law by a governmental unit . . ."[20]

In more general terms, "general debts and obligations are non-dischargeable [under section 523(a)(15)] if incurred by the debtor in the course of a divorce or in connection with a settlement agreement."[21]

For purposes of dischargeability, the Bankruptcy Code draws a distinction between obligations in the nature of alimony, maintenance and support (a "domestic support obligation" governed by section 523(a)(5)) and *other types of obligations* arising in the course of a divorce or separation or in connection with a separation agreement or divorce decree.[22] In Chapter 13 cases, this distinction is crucial, as obligations characterized under section 523(a)(15) are generally dischargeable, while domestic support obligations are not. With respect to dischargeability of these types of debts in cases under Chapter 7, "the distinctions between DSO's, governed by section 523(a)(5), and other types of post-marital obligations, governed by section 523(a)(15), are immaterial because both types of debts are nondischargeable and must be paid in full."[23] This means that, as long as the debt arose in connection with a divorce, the specifics of the obligation are irrelevant. The debt will still be nondischargeable under Chapter 7 of the Bankruptcy Code.

To meet the requirements of section 523(a)(15),

>the party seeking nondischargeability must, by a preponderance of the evidence, prove the following elements: (1) that the debt in question is owed to a spouse, former spouse, or child of the debtor; (2) that the debt in question is not of the kind described in § 523(a)(5); and (3) that the debt in question was incurred by the debtor (a) in the course of a divorce, (b) in the course of a separation, or (c) in connection with a (i) separation agreement, (ii) divorce

---

[20] Subsection (5) reads, "for a domestic support obligation," and refers primarily to debts such as alimony and child support.
[21] *Paul v. Forman (In re Forman)*, 260 B.R. 758, 761 (Bankr. E.D. Va. 1999).
[22] *See Baker v. Baker (In re Baker)*, 274 B.R. 176, 185-86 (Bankr. D.S.C. 2000).
[23] *In re Johnson*, 397 B.R. 289, 295 (Bankr. M.D.N.C. 2008)

>decree or other order of a court of record, or (iii) a determination made in accordance with State or territorial law by a governmental unit.[24]

Section 523(a)(15) has "been interpreted as requiring the creation of a debt in course of a divorce or separation that was not in existence before the divorce."[25] Examples of debts deemed nondischargeable under Section 523(a)(15) include an "equalization of marital property" award[26], a portion of an unpaid mortgage[27], credit card debt,[28] and even a portion of costs for repairs made on the marital residence.[29]

**B.     Analysis**

In the case before the Court, it is undisputed that Ms. Kim obtained a decretal judgment in the amount of $7,254.12 against Mr. Raines, and that decretal judgment was in connection with a divorce proceeding. For a debt to be excepted from discharge under Section 523(a)(15), it must be owed "to a spouse, *former spouse*, or child." Here, the debt is owed to Ms. Kim, who is a former spouse of Mr. Raines. The debt must not be of the kind described in paragraph (5), which is "for a domestic support obligation." The debt in this case is not an award of alimony or support, so it does not fall under paragraph (5). The debt must be "incurred by the debtor." Here, Mr. Raines, the debtor, is the party who incurred the debt, because the decretal judgment was entered against him. Finally, the debt must be incurred "in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record." The decretal judgment directly stems from the parties' divorce and the provisions contained in their divorce

---

[24] *Mayes v. Mayes (In re Mayes)*, 455 B.R. 506, 508 (Bankr. W.D. Va. 2011).
[25] *Baker*, 274 B.R. at 196.
[26] *See, In re Smither*, 194 B.R. 102 (Bankr. W.D. Ky. 1996).
[27] *See, Carroll v. Carroll (In re Carroll)*, 187 B.R. 197 (Bankr. S.D. Ohio 1995).
[28] *Baker*, 274 B.R. at 201.
[29] *Carroll*, 187 B.R. at 197.

decree. It is clear to the Court that all the elements of section 523(a)(15) have been met in this case.

Mr. Raines makes arguments in his Answer that this Court cannot consider when determining the dischargeability of the debt (for example, his assertions regarding the accumulation of interest on credit card debt). The proper time to bring these arguments was before the Family Court. However, most importantly, he does admit that the Family Court entered the decretal judgment and that the judgment fits within the confines of section 523(a)(15).

Once a decretal judgment in connection with a divorce has been entered by another court, bankruptcy courts must determine the dischargeability of any debt arising from that judgment by applying the Bankruptcy Code. Section 523(a)(15) of the Code strictly states that debts incurred by the debtor in the course of a divorce which are owed to that debtor's former spouse are nondischargeable following a Chapter 7 discharge.

### III.

**A.    Conclusion**

No genuine disputes of material fact remain for the factfinder in this case. Mr. Raines does not dispute that he is responsible for paying the decretal judgment entered by the Circuit Court of Cabell County. Furthermore, the debt in question is indisputably one that fits within the discharge exception codified in 11 U.S.C. § 523(a)(15). Therefore, summary judgment is appropriate. Accordingly,

**IT IS ORDERED** that Ms. Kim's Motion for Summary Judgment be, and is hereby, **GRANTED.**

**IT IS FURTHER ORDERED** that the trial in this matter, currently set for January 22, 2021, be, and is hereby, **RENDERED MOOT** and is therefore **CANCELLED.**